**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**STEVEN MICHAEL KELLY** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 4:26-CV-402-JHM**

**ALISHA HUTCHENS, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Steven Michael Kelly filed this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court on a motion by Plaintiff to amend his complaint [DN 6] and a motion for a preliminary injunction [DN 9].

**A. Motion to Amend**

Initially, the Court considers Plaintiff's motion for leave to file an amended complaint. [DN 6]. Because Defendants have not yet answered the complaint, Plaintiff did not need leave of Court to amend the original complaint. Fed. R. Civ. P. 15(a). **IT IS ORDERED** that Plaintiff's motion for leave to amend [DN 6] is **DENIED as moot**.

**B. Motion for Preliminary Injunction**

Plaintiff moves for an emergency preliminary injunction ordering Green River Correctional Complex ("GRCC") to send him for an outside consultation and/or a colonoscopy. [DN 9]. Plaintiff represents that on June 14, 2023, he was scheduled for a colonoscopy with Baptist Health Gastroenterology, but the colonoscopy did not occur because he was incarcerated on June 13, 2023. Plaintiff states that Defendants were aware of the "prescheduled surgery," but he has not received the "surgery." Plaintiff alleges that that on July 9, 2026, he suffered severe lower abdominal pain and blood in his stool. Plaintiff represents that Defendants GRCC and Wellpath did not deem it necessary for him to be sent to a specialist or hospital. Instead, Plaintiff maintains

that he was provided with a steroid shot and released from the medical clinic. Plaintiff contends that he continues to suffer from pain.

A preliminary injunction is an extraordinary remedy "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

> In deciding whether to grant a preliminary injunction, a court weighs four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction."

*Tippins v. Washington*, No. 20-1480, 2021 WL 3700574, at *3 (6th Cir. Apr. 20, 2021) (quoting *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012)). "As long as there is some likelihood of success on the merits, these factors are to be balanced, rather than tallied." *Hall v. Edgewood Partners Ins. Ctr.*, 878 F.3d 524, 527 (6th Cir. 2017).

Here, Plaintiff is not entitled to the requested preliminary injunctive relief. Plaintiff has failed to show that he will suffer irreparable injury without an immediate colonoscopy. As to the irreparable-harm determination, there must be an actual, viable, presently existing threat of serious harm. *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparedness of the Commonwealth of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). The plaintiff must show harm that is not remote or speculative but is actual and imminent. *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006). The injury must be of such imminence that there is a clear and immediate need for relief to prevent harm. *See Wisconsin Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985). Plaintiff has offered no evidence that he will suffer irreparable harm absent preliminary injunctive relief. In fact, the record reflects that Plaintiff has been aware that he did not receive a colonoscopy since June 14, 2023, over three years ago.

Further, the information provided by Plaintiff in his motion indicates that the medical staff treated Plaintiff for the pain and blood in his stool.

Additionally, the third and fourth elements weigh against granting preliminary injunctive relief. Taking decisions out of the hands of prison officials under these circumstances could cause substantial harm in disrupting prison administration. Where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest. *Lang v. Thompson*, No. 5:10-CV-379, 2010 WL 4962933, at *7 (E.D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

Accordingly, the Court concludes that three of the elements for awarding a preliminary injunction weigh against granting Plaintiff relief. As such, the Court will not address the first element.

For these reasons, **IT IS ORDERED** that Plaintiff's motion for a preliminary injunction [DN 9] is **DENIED**.

**C. Discovery Requests**

In Plaintiff's motion to amend [DN 6], he also seeks disclosure of the identity of the individuals involved in denying Plaintiff an outside consultation and of Wellpath's policies and procedures. Plaintiff's request for production of evidence and information [DN 6] is premature. Because Plaintiff is a prisoner, the Court must review the complaint pursuant to 28 U.S.C. § 1915A. Once the review is complete, the Court will enter an order informing the parties of what

steps, if any, must be taken. If the Court allows Plaintiff's claims to proceed past initial review, only then will the Court issue the summons, notify Defendants they have been sued in this action, and permit discovery to commence.

**D. Motion to File a Second Amended Complaint**

Plaintiff moves to file a second amended complaint. [DN 11]. Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Security Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prod. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). Upon consideration, **IT IS ORDERED** that Plaintiff's motion to file a second amended complaint [DN 11] is **GRANTED**.

Plaintiff did not tender the second amended complaint with his motion. The Court, therefore, will direct Plaintiff to file a superseding amended complaint. **The Court advises that the superseding amended complaint will supersede (replace) the original complaint and amended complaint in all respects.** In completing the new form, Plaintiff must list all Defendants he wants to sue. As guidance, it would be helpful if Plaintiff used separate numbered paragraphs for each named Defendant. In each paragraph, he should set forth the factual and legal basis for the claim against a particular defendant explaining *who* did something, *what* they did, *when* they

did it, and *why* those actions violated Plaintiff's rights. The Court will conduct an initial review of only the superseding amended complaint in accordance with 28 U.S.C. § 1915A.

Accordingly, **IT IS ORDERED** that Plaintiff shall, **on or before October 5, 2026**, file a superseding amended complaint and tender a summons form for each Defendant named.

The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint form packet, including 20 summons forms, with the instant case number and the words "Superseding Amended" affixed thereto.

**Plaintiff is WARNED that his failure to comply with this Order will result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court.**

Date: September 4, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.014